UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY M. BARTLETT,<br>　　　　Plaintiff,<br>　　v.<br>MARCI PATERA,<br>　　　　Defendant. | Case No. 17-cv-01943-EDL<br><br>**REPORT AND RECOMMENDATION REMANDING ACTION** |

On April 7, 2017, Defendant Marci Patera ("Defendant") filed a notice of removal of this action for partition of real and personal property, originally filed by Roy M. Bartlett ("Plaintiff") against Defendant in Contra Costa Superior Court on January 7, 2010. Defendant is appearing pro se in this removal action. Because neither party has yet consented to this Court's jurisdiction, the Court issues this Report and Recommendation and reassigns this case to a district judge. For the reasons set forth below, the Court recommends remanding this matter to state court.

**I.　BACKGROUND**

The Court held an initial case management conference on July 11, 2017, during which both Parties appeared telephonically. Dkt. 8. Neither party filed a case management statement or written consent or declination prior to the conference. The Court scheduled a further case management conference for August 8, 2017. Id. At that time, the Court ordered the parties to file a joint case management statement by August 1, 2017 and to each file a consent or declination to proceed before this Court by July 18, 2017. Id.

　　**A.　Earlier Removal and Remand**

Although neither party complied with the Court's order to submit a consent or declination,

Plaintiff did file a case management statement on August 3, 2017.[1] Dkt. 9. In his statement, Plaintiff advised the Court that this is the second time Defendant has removed the action to federal court. Id. at 2. Plaintiff's case management statement also represented that judgment has already been entered in the Superior Court on the claims in this case. Id., Exs. A and B. After Defendant's first attempt at removal in 2016, Judge Armstrong remanded the case sua sponte for lack of subject matter jurisdiction. See Bartlett v. Patera, No. 4:16-cv-03913-SBA, 2016 WL 3769196 (July 15, 2016).

### B. The Removal Notice

In this removal action, Defendant seeks removal based on alleged "federal question[s] that underl[y] this case," including violations of the Fair Housing Act and the Equal Credit Opportunity Act, among others. Dkt. 1, ¶ 1. For the reasons set forth below, the Court lacks subject matter jurisdiction over this case and it should be remanded.

## II. DISCUSSION

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co.,

---

[1] Defendant indicated to the Court that she did not expect to submit a case management statement prior to the scheduled August 8, 2017 further case management conference and had mailed a motion to continue the August 8, 2017 conference. To date, the Court has not received Defendant's motion, but for the reasons set forth in this Report and Recommendation, Defendant's motion is moot.

2

443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. However, a case may be removed based on the existence of a federal question only when that federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Here, the face of the complaint attached to the Notice of Removal asserts only state law claims for partition of real and personal property and for declaratory relief as to an alleged agreement between the parties regarding real property. Plaintiff could not have brought these claims in federal court, and thus the Court lacks subject matter jurisdiction.[2] Federal claims and defenses that the Defendant raises in the Notice of Removal cannot serve as the basis for establishing federal question jurisdiction. See H&H property Management, LLC v. Taylor, No. 4:13-cv-5039-PJH, 2013 WL 6057985, at *2 (N.D. Cal. Nov. 14, 2013).

Moreover, as when the Defendant previously sought to remove this action in 2016, this Court does not have jurisdiction to hear challenges to orders from the state Superior Court. See Bartlett, 2016 WL 3769196, at *2 (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005), Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) (the Rooker-Feldman doctrine bars federal courts from exercising jurisdiction to review a state court's judgment and enforcement orders on the ground that such orders violate a party's federal rights).

---

[2] Although Defendant does not ground removal on the basis of diversity jurisdiction, the Court notes that Defendant has not put forth any allegations to demonstrate that the case meets the requirements of diversity jurisdiction. The burden is on the Defendant to establish that removal is proper. Abrego, 443 F.3d at 685. To the contrary, based upon the information and documents the Court has received to date, it appears that both Plaintiff and Defendant are domiciled in the state of California.

3

### III. CONCLUSION

Accordingly, the Court recommends remanding this case. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: August 7, 2017

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge